Eric S. Pezold (SBN 255657)
Marshall J. Hogan (SBN 286147)
Snell & Wilmer L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA  92626-7689
Telephone: 714-427-7000
Facsimile: 714-427-7799

*Attorneys for County of Imperial*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>YU CHING LO,<br><br>    Debtor. | Case No. 2:18-bk-23646-BR<br><br>Chapter 7<br><br>Adv. No. _____ |
| COUNTY OF IMPERIAL,<br><br>    Plaintiff,<br><br>v.<br><br>YU CHING LO and CHUN NAN LO,<br><br>    Defendants. | **COUNTY OF IMPERIAL'S COMPLAINT FOR NON-DISCHARGEABILITY OF DEBT OF DEBTOR AND SPOUSE PURSUANT TO 11 U.S.C. §§ 523(a)(2)(A), (B), and 524(a)(3)** |

Plaintiff County of Imperial, a political subdivision of the State of California ("Plaintiff" or the "County"), for its complaint against Yu Ching Lo ("Debtor"), debtor in the above-captioned bankruptcy ("Bankruptcy Case"), and Chun Nan Lo ("Mr. Lo," together with Debtor, the "Defendants"), hereby alleges:

## PARTIES

1. The County is a political subdivision of the State of California.

2. Debtor is the debtor in the Bankruptcy Case and resides in Arcadia,

1  California.

2      3.      Debtor is and, at all relevant times, was the spouse of defendant Chun Nan (James) Lo, aka Chun Nan (James Lo), aka James Lo ("Mr. Lo"), who is a resident of Arcadia, California.

5      4.      On information and belief, Defendants are 85% owners of Pacificland International Development, Inc. ("Pacificland"), which is a California corporation doing business in Imperial County, California. Mr. Lo is Chief Executive Officer and Director of Pacificland. Debtor is Chief Financial Officer, Secretary, and Director of Pacificland. Pacificland and Mr. Lo are together referred to herein as the "Borrowers."

## JURISDICTION

11      5.      This adversary proceeding arises under title 11 of the United States Code ("Bankruptcy Code") or arises in or is related to the Bankruptcy Case, within the meaning of 28 U.S.C. §§ 157(a), 157(b), 1334(b) and 1334(e) and Rule 5011-1 of the Local Bankruptcy Rules of this Court.

15      6.      This is an adversary proceeding to determine the dischargeability of debts owed by the Defendants to the County and therefore is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I), (J), and (O). To the extent necessary, County consents to entry of a final judgment by this Court.

19      7.      Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

20      8.      Debtor is subject to the jurisdiction of this Court due to, among other things, her voluntary bankruptcy filing in this Court.

## GENERAL FACTUAL ALLEGATIONS

23      9.      Debtor commenced this bankruptcy case on November 20, 2018 and filed her chapter 7 petition with this Court on November 26, 2018 ("Petition Date"). County has filed a proof of claim as Claim No. 10 on the claims register in the Bankruptcy Case, in the amount of $2,370.410.52, based on certain guaranty obligations as set forth in said proof of claim (as may be amended, the "Proof of Claim"). A true and correct copy of the

Snell & Wilmer
L.L.P.
LAW OFFICES
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-7689
(714) 427-7000

Proof of Claim is attached hereto as **Exhibit A**.[1]

A. **The Community Benefit Loan**

10. In or around early 2017, Debtors and the Borrowers sought from the County a loan for gap funding for the continued development of real property in Imperial County for commercial use. During these discussions, the County requested that Debtor and the Borrowers furnish to it sufficient financial information to justify extension of the loan. Debtor and Borrowers furnished financial information, including individual financial information pertaining to Defendants.

11. On or about April 5, 2017, the County extended a loan in the principal amount of $2,000,000 (the "Loan") pursuant to the terms and conditions contained in the Community Benefit Program Loan Agreement (the "Loan Agreement"). A true and correct copy of the Loan Agreement is attached to the State Court Complaint as Exhibit 2 and incorporated herein by this reference.

12. In extending the Loan, the County justifiably relied on the financial information supplied by Debtor and the Borrowers as being true and correct. The County would not have extended the Loan but for having received such information, including the individual financial information pertaining to Defendants.

13. Pursuant to the Loan Agreement, the Loan was to be repaid in three installments in which the first installment of $500,000 plus accrued interest was due on or before October 1, 2017, the second installment of $500,000 plus accrued interest was due on or before November 1, 2017, and the third installment of $1,000,000 plus accrued interest was due on or before December 1, 2017.

14. To secure the obligations under the Loan Agreement, on or about April 7, 2017, Borrowers and Debtor executed that certain Security Agreement, as amended by that certain Amendment No. 1 to Security Agreement (the "Security Agreement"), granting the County a security interest in all assets and personal property owned or

---

[1] Attachment 2 to the Proof of Claim is the County's Complaint filed in the State Court Action (as defined below) ("State Court Complaint"). All other exhibits referenced in this complaint refer, as stated, to exhibits attached to the State Court Complaint.

- 3 -

COMPLAINT

4849-7245-5280

acquired by Borrowers and Debtor, including but not limited to their personal property relating to the operation of the premises of the ARCO AM/PM service station/market located at 1105 Yourman Road, Heber, California (the "Collateral"). True and correct copies of the Security Agreement and Amendment No. 1 are attached to the State Court Complaint as Exhibit 3 and incorporated herein by this reference.

15. The County perfected its security interest under the Security Agreement by filing a UCC-1 financing statement with the California Secretary of State on July 28, 2017, at File No. 17-7598467367, which was amended by that certain UCC Financing Statement filed on or about April 11, 2018, at File No. 1876432386 (the "UCCs"). True and correct copies of the UCCs are attached to the State Court Complaint as Exhibit 4 and incorporated herein by this reference.

16. To further secure its obligations under the Loan Agreement, on or about April 5, 2017, Pacificland executed that certain Deed of Trust with Assignment of Rents (the "Deed of Trust") granting the County a deed of trust on certain real property. The Deed of Trust was recorded with the Imperial County Recorder's Office on April 6, 2017 at document no. 2017008015. A true and correct copy of the Deed of Trust is attached to the State Court Complaint as Exhibit 5 and incorporated herein by this reference.

**B.     The County Agrees to Extend the Term of the Loan**

17. Prior to October 1, 2017, the deadline for the first installment payment of $500,000, the Borrowers sought an extension of the deadline due to a purported delay in anticipated funding for Pacificland.

18. In considering this request, the County required that the Borrowers and Debtor submit financial information, including individual financial information for Defendants. The Debtor and the Borrowers submitted this financial information to the County.

19. The County justifiably relied on the financial information supplied by Debtors and the Borrowers as being true and correct. After assessing the apparent financial stability of the Debtor and the Borrowers as represented in the financial

- 4 -

information provided, the County agreed to extend the term of the Loan conditioned on the Debtor and the Borrowers agreeing to certain additional terms and the Debtor guaranteeing the Loan.

20. The County would not have extended the term of the Loan but for having received the financial information pertaining to Defendants (and the representations therein), Debtor's willingness to guarantee the Loan on the terms and representations stated in the Guaranty (as defined below), and the Debtor's and Borrowers' willingness to agree to the additional terms in the documents in the documents described below.

21. On or about October 2, 2017, the Borrowers entered into that certain Amendment to the Community Benefit Loan Agreement (the "Amendment to Loan Agreement") pursuant to which the County agreed to extend certain terms on the Loan Agreement provided that the Borrowers met the terms and conditions therein. A true and correct copy of the Amendment to Loan Agreement is attached to the State Court Complaint as Exhibit 6 and incorporated herein by this reference.

22. Among other things, the Amendment to Loan Agreement extended the deadline to April 1, 2018 for payment of the first installment of $500,000 plus accrued interest.

23. In addition, the Borrowers promised in the Loan Agreement and the Amendment to Loan Agreement not to incur any indebtedness, except for certain types of permitted indebtedness as stated therein. This "Permitted Indebtedness" was limited to the following: (i) indebtedness under the Loan Agreement or Amendment to Loan Agreement; (ii) indebtedness existing on the Effective Date and specifically disclosed on the financial statements provided to the County; (iii) purchase money indebtedness not exceeding $100,000 incurred to acquire capital assets in the ordinary course of business; (iv) any other indebtedness in an aggregate amount of $100,000 (and, if on a secured basis, only if it is junior to the County's collateral position); and (v) indebtedness in the refinancing of indebtedness set forth in (i) through (iv).

24. On or about October 2, 2017, Pacificland executed that certain Amendment to Deed of Trust with Assignment of Rents (the "Amendment to Deed of Trust"). The Amendment to Deed of Trust was recorded with the Imperial County Recorder's Office on May 10, 2018 at document no. 2018008580. A true and correct copy of the Amendment to Deed of Trust is attached to the State Court Complaint as Exhibit 7 and incorporated herein by this reference.

25. On or about October 2, 2017, Debtor executed that certain Individual Guaranty ("Guaranty") wherein she agreed to unconditionally guarantee payment to the County of any sums which Pacificland and Mr. Lo owe the County. A true and correct copy of the Guaranty is attached to the State Court Complaint as Exhibit 8 and incorporated herein by this reference.

26. In the Guaranty, the Debtor represented in writing that she "holds all outstanding shares of Pacificland and will obtain substantial direct and indirect benefit from the Loans made by Lender to Borrowers."

27. The Loan Agreement, the Security Agreement, the UCCs, the Deed of Trust, the Amendment to Loan Agreement, the Amendment to Deed of Trust, and the Guaranty are hereinafter collectively referred to as the "Loan Documents."

**C.    Defaults Under the Loan Documents**

28. The Borrowers and Debtor are in default under the Loan Documents for, among other things, failing to pay all sums when due under the Loan Documents notwithstanding demand.

29. Specifically, the Borrowers and Debtor failed to make the required April 1, 2018, payment when due under the Amendment to Loan Agreement.

30. Pursuant to the requirements of the Amendment to Loan Agreement, the County delivered to the Borrowers and Debtor a notice of default dated April 20, 2018 (the "Notice of Default") wherein, among other things, the County demanded that they make the required payment within 10 days of the notice. They failed to make the payment.

1  A true and correct copy of the Notice of Default is attached to the State Court Complaint
2  as <u>Exhibit 16</u> and incorporated herein by this reference.

3  31.  On May 8, 2018, the County delivered to the Borrowers and Debtor a notice
4  of acceleration, wherein the County accelerated the Loans and declared the unpaid
5  balances of the Loans immediately due and payable. A true and correct copy of the notice
6  of acceleration is attached to the State Court Complaint as <u>Exhibit 17</u> and incorporated
7  herein by this reference. The Borrowers and Debtor have failed to pay these amounts.

8  32.  The Borrowers and Debtor are in further default under the Loan Documents
9  by failing to provide the County financial and other project information; failing to pay
10  property taxes and penalties in the amount of $267,200, allowing $354,000 of non-
11  consensual liens to be recorded against the Property, allowing six deeds of trust totaling
12  $10.05 million to be recorded against the Property, some of which may be priming the
13  County's liens; and failing to maintain, account for and preserve certain real property and
14  other collateral that secures the County's liens on certain real property and other
15  collateral.

16  33.  In addition, the Borrowers and the Debtor have failed to pay various other
17  fees and costs pursuant to applicable statutes and code sections.

18  34.  As a result of the Borrowers' and the Debtor's defaults under the Loan
19  Documents, the County filed a complaint against, *inter alia*, Pacificland, Mr. Lo, and the
20  Debtor in the Superior Court of California for the County of Imperial and thereby
21  commenced the action styled as *County of Imperial, et al. v. Pacificland Int'l Dev., Inc.*,
22  Case No. ECU000363 ("<u>State Court Action</u>"). The State Court Complaint alleges, *inter*
23  *alia*, breach of contract, breach of guaranty, and judicial foreclosure of real property.

24  **D.**  **<u>The Defendant and Mr. Lo Made False Statements in Obtaining the Loan and</u>**
25  **<u>the Extension of the Term of the Loan.</u>**

26  35.  In connection with obtaining and extending the term of the Loan,
27  Defendants made certain representations and submitted financial information. These
28  representations and financial information assured that County that sufficient assets,

- 7 -

COMPLAINT

4849-7245-5280

1 including community assets, were available to support the Loan and the Guaranty.

2    36.    In the financial information submitted to the County, Defendants represented themselves to be in strong financial positions. For instance, the financial information submitted by Mr. Lo in April 2017 shows mortgage debt totaling approximately $1,875,000, comprising a Wells Fargo mortgage in the amount of approximately $675,00 and a Chase mortgage in the amount of approximately $1,120,000.

37.    Despite these representations, Debtor's bankruptcy filing demonstrates that representations were false and materially misleading. The Petition Date occurred just one year after the Borrowers obtained an extension of the Loan based on in part on these representations. Just months after signing the Amendment to Loan Agreement, Amendment to Deed of Trust, and Guaranty, Debtor admitted under penalty of perjury in her bankruptcy schedules that Defendants incurred an additional mortgage in the amount of $2,000,000 in January 2018. *See* Dkt. No. 24 at 15, 24.

38.    In the Amendment to Loan Agreement signed just months prior to the issuance of the $2,000,000 mortgage, the Borrowers (i) represented that no material adverse change has occurred since executing the Loan Agreement in Borrowers' or Debtor's business condition, operations, properties or prospects or ability to repay the Loan, and (ii) reaffirmed their agreement not to take out any indebtedness other than the Permitted Indebtedness. Borrowers misleadingly withheld the material information that Defendants intended to take out a $2,000,000 loan immediately after inducing the County to extend the term of the Loan. At no time did Defendants notify the County that they had incurred a $2,000,000 mortgage in January 2018.

39.    Moreover, in the Guaranty, Debtor represented that she owned "all outstanding shares" of Pacificland as her separate property. Yet, in her Schedules, Debtor represents ownership of only a one-half community property interest in Pacificland. Dkt. No. 24 at 7. Moreover, she disclosed that neither she nor her marital community own all outstanding shares of Pacificland, but rather only 85% of such shares. *See id.* The Debtor misleadingly represented to the County in the Guaranty that she, and she alone, held all

- 8 -

COMPLAINT

4849-7245-5280

outstanding shares of Pacificland.

40. The effect of Defendants' misrepresentations and omissions was to overstate their financial position and prevent the County from accurately assessing the risk of issuing the Loan and agreeing to extend the term thereof. These misrepresentations and omissions were material to the County's consideration, and ultimate approval of, the Loan and Borrower's request for an extension of the Loan term. But for these misrepresentations and omissions, the County would not have agreed to issue the Loan or extend the term of the Loan.

### FIRST CLAIM FOR RELIEF
**(For Non-Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A))**

41. The County realleges and incorporates by reference each and every preceding allegation of this Complaint as though fully set forth herein.

42. The Borrowers obtained the Loan and the extension of the Loan term from the County through Defendants making false representations and false pretenses.

43. Defendants' statements include without limitation their false representations and false pretenses that (i) they did not intend to incur debt other than Permitted Debt and that (ii) the Debtor alone owned all the outstanding shares of Pacificland. These representations were false, and Defendants made such representations knowingly, intentionally, and with substantial certainty that such false representation would deceive, confuse, and mislead the County.

44. The County reasonably and justifiably relied on such false representations and false pretenses, as Defendants knew it would.

45. Defendants at all times knew their false misrepresentations and false pretenses were certain to cause injury and harm to the County, which they did.

46. As the Debtor affirmed in the Guaranty, the Debtor "obtain[ed] substantial direct and indirect benefit from the Loans made by [County] to Borrowers."

47. As a result, the debt owed by Debtor to the County is non-dischargeable under section 523(a)(2)(A) of the Bankruptcy Code as it is a debt for an extension, renewal, or refinancing of credit (approximately $2 million) obtained by Borrowers (and to the benefit of the Debtor) through the use of false pretenses and false representations, on which the County reasonably relied, and that the Defendants made with the intent to deceive.

WHEREFORE, the County prays for judgment as set forth below.

### SECOND CLAIM FOR RELIEF
### (For Non-Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(B))

48. The County realleges and incorporates by reference each and every preceding allegation of this Complaint as though fully set forth herein.

49. The Borrowers obtained the Loan and the extension of the Loan term from the County through Defendants making materially false statements in writing respecting their and Pacificland's financial condition.

50. Defendants' statements include without limitation their false statements that (i) did not intend to incur debt other than Permitted Debt and that (ii) the Debtor alone owned all the outstanding shares of Pacificland. These statements are included in this Claim for Relief only to the extent they are found to be respecting the Defendants' financial condition pursuant to section 523(a)(2)(B) of the Bankruptcy Code. These statements were false, in writing, and Defendants made such representations knowingly, intentionally, and with substantial certainty that such false representation would deceive, confuse, and mislead the County.

51. The County reasonably and justifiably relied on such false statements, as Defendants knew it would.

52. Defendants at all times knew their false misrepresentations and false pretenses were certain to cause injury and harm to the County, which they did.

53. As the Debtor affirmed in the Guaranty, the Debtor "obtain[ed] substantial direct and indirect benefit from the Loans made by [County] to Borrowers."

54. As a result, the debt owed by Debtor to the County is non-dischargeable under section 523(a)(2)(B) of the Bankruptcy Code as it is a debt for an extension, renewal, or refinancing of credit (approximately $2 million) obtained by Borrowers (and to the benefit of Debtor) through the use of statements in writing that were materially false, that respected Debtor's financial condition, on which the County and its predecessors reasonably relied, and that the Defendants made with the intent to deceive.

WHEREFORE, the County prays for judgment as set forth below.

### THIRD CLAIM FOR RELIEF
### (For Hypothetical Non-Dischargeability of Debt Pursuant to 11 U.S.C. § 524(a)(3) Against Non-Debtor Defendant Mr. Lo)

55. The County realleges and incorporates by reference each and every preceding allegation of this Complaint as though fully set forth herein.

56. Pursuant to section 524(a)(3) of the Bankruptcy Code, the County is entitled to a determination by this Court whether non-debtor Mr. Lo would be granted a discharge from the County's claim if Mr. Lo had filed a petition for relief under the Bankruptcy Code on the Petition Date.

57. As set forth in this Complaint, non-debtor Mr. Lo obtained the Loan and the extension of the Loan through the use of (i) statements in writing that were materially false, that respected his financial condition, on which the County reasonably relied, and that Mr. Lo made with the intent to deceive; and (ii) false pretenses and false representations, on which the County reasonably relied, and that Mr. Lo made with the intent to deceive.

58. If Mr. Lo had filed a petition for relief under the Bankruptcy Code on the Petition Date, he would not be entitled to a discharge of the County's claim, as set forth in the State Court Complaint.

59. Accordingly, the County requests a determination by this Court that the County's claim against Mr. Lo would be excepted from discharge pursuant to section 523(a)(2)(A) and/or (B) of the Bankruptcy Code in a hypothetical case concerning Mr. Lo

1 commenced on the Petition Date.

2  60.  The County further requests a determination by this Court that section 524(a)(3) of the Bankruptcy Code does not operate as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset the County's claim against, property of the kind specified in section 541(a)(2) of the Bankruptcy Code that is acquired after the Petition Date.

WHEREFORE, the County prays for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, the County prays for relief as follows:

1. On the First and Second Claims for Relief, an Order of this Court determining that the full amount of the Debtor's debts to the County, as such debts are set forth in the Proof of Claim, is excepted from discharge and non-dischargeable pursuant to sections 523(a)(2)(A) and (B) of the Bankruptcy Code.

2. On the Third Claim for Relief, an Order of this Court determining (i) that the County's claim against Mr. Lo, as set forth in this Complaint and in the State Court Action, would be excepted from discharge pursuant to section 523(a)(2)(A) and/or (B) of the Bankruptcy Code in a hypothetical case concerning Mr. Lo commenced on the Petition Date; and (ii) that section 524(a)(3) of the Bankruptcy Code does not operate as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset the County's claim against, property of the kind specified in section 541(a)(2) of the Bankruptcy Code that is acquired after the Petition Date.

///
///
///

4849-7245-5280

3. For such other and further relief as the Court deems just and equitable.

Dated: April 2, 2019

SNELL & WILMER L.L.P.

By: /s/ Marshall J. Hogan

Eric S. Pezold (CA Bar No. 255657)
Marshall J. Hogan (CA Bar No. 286147)
600 Anton Boulevard, Suite 1400
Costa Mesa, California 92626
Telephone: (714) 427-7000
Facsimile: (714) 427-7799

*Attorneys for County of Imperial*

4849-7245-5280